IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MASON VAUGHAN, *individually and on behalf of himself and all others similarly situated*, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:24CV186 |
| DELTA DELTA DELTA FRATERNITY, DELTA DELTA DELTA FOUNDATION, DELTA DELTA DELTA PARK STREET PROPERTIES, LLC, and DELTA DELTA DELTA NATIONAL HOUSE CORPORATION, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | | |

**FINAL APPROVAL OF CLASS ACTION SETTLEMENT ORDER**

A consolidated class action is pending in this Court and is entitled as captioned above. Plaintiff, Mason Vaughn, individually and on behalf of all others similarly situated, (hereinafter, "Plaintiffs"), and Defendants, as outlined in the caption above, have entered into a Settlement Agreement, (the "Settlement Agreement"), that settles the above-captioned litigation, (the "Action"), and provides for dismissal with prejudice of the claims asserted against Defendants.

**THE FINAL APPROVAL HEARING** came on before the Court on March 10, 2025, on Plaintiff's Unopposed Motion for Final Approval for Class Action Settlement,

1

(ECF No. 32), and Plaintiff's Motion for Attorney Fees, Costs, and Service Fee, (ECF No. 29.)[1]

The Court having reviewed and considered the papers filed in support of the Motions, the arguments of counsel, and the law, the Court now enters this Order based on the following **Findings of Fact and Conclusions of Law**[2]:

1. This Court has jurisdiction over the subject matter of the action as well as personal jurisdiction over the parties and each of the settlement class members.

2. By Order dated November 4, 2024 ("Preliminary Approval Order," ECF No. 28), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) appointed Plaintiff as Class Representative; (d) appointed Class Counsel as counsel for the Settlement Class; (e) appointed CPT Group, Inc. as Settlement Administrator (f) ordered that notice of the proposed settlement be provided to potential Settlement Class Members; (g) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (h) scheduled a hearing regarding final approval of the Settlement;

3. The Court finds that due and adequate notice has been given to the Settlement Class;

4. The Court finds that no Class Members submitted objections;

5. The Court finds that no Class Members submitted Requests for Exclusion;

---

[1] Plaintiff's Motion for Attorneys Fees, Costs and Service Fee, (ECF No. 29), shall be addressed in separate order to be filed simultaneously with this Order.

[2] Unless otherwise defined in this Order, the capitalized term herein shall have the same meanings as they have in the settlement agreement.

2

6. At the hearing on March 10, 2025, the Court considered the following, among other things, (a) any Objection(s) to the Settlement; (b) whether the terms and conditions of the Settlement were fair, reasonable, and adequate for the Settlement Class, and should therefore be approved; (c) whether Class Counsel's motion for Fee Award and Costs should be granted; (d) whether Class Representative's motion for Service Award Payment should be granted; and (e) whether a judgment should be entered dismissing the Action with prejudice as against all Defendants.

7. The Court hereby reaffirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all individuals who were sent notification by Defendants that their payment card information was or may have been compromised in the Data Incident. Excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of their direct families; (2) Defendants, their subsidiaries, parent companies, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and their current or former officers, directors, and employees; and (3) Settlement Class Members who submit a valid a Request for Exclusion prior to the Opt-Out Deadline.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby reaffirms its determinations in the Preliminary Approval Order certifying Plaintiffs and Class Representatives for the Settlement Class and appointing Class Counsel to serve as counsel for the Settlement Class. Plaintiffs and Class Counsel have fairly and adequately represented the Settlement Class both in litigating

the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

9. The Court finds that the dissemination of the Notice: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action, (ii) the effect of the proposed Settlement (including the releases to be provided thereunder), (iii) Class Counsel's motion for a Fee Award and Costs, (iv) Class Representative's motion for a Service Award Payment, (v) their right to object to any aspect of the Settlement, Class Counsel's motion for a Fee Award and Costs, and/or Class Representative's motion for a Service Award Payment, (vi) their right to exclude themselves from the Settlement Class, and (vii) their right to appear at the Final Approval Hearing; (d) constituted due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, (including the Due Process Clause), and all other applicable law and rules.

10. The Court finds that no objections to the Settlement were submitted by any Class Members by the applicable deadline, February 3, 2025. The absence of objections further supports the fairness, reasonableness, and adequacy of the Settlement Agreement, as the Settlement Class Members were given appropriate and sufficient notice and an opportunity to object, and no concerns were raised.

11. Pursuant to Federal Rules of Civil Procedure 23, the Court finds that the Settlement of the lawsuit, on the terms and conditions set forth in the Agreement, is fair, reasonable, adequate, and in the best interest of Settlement Class Members.

4
Case 1:24-cv-00186-LCB-JEP     Document 36     Filed 04/14/25     Page 4 of 6

12. Pursuant to, and in accordance with Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Settlement Agreement in all respects (including, without limitation, the amount of the Settlement Fund, the Releases provided for in the Settlement Agreement, and will dismiss with prejudice the claims asserted against Defendants as set forth in the Settlement Agreement).

**NOW THEREFORE, IT IS HEREBY ORDERED:**

13. Plaintiff's Unopposed Motion For Final Approval of Class Action Settlement, (ECF No, 32 ), is **GRANTED** and this Action shall be and hereby is **DISMISSED** with prejudice in its entirety as to the Defendants, with each party to bear their own costs and attorneys' fees, except as provided in the Settlement Agreement, and all claims of the Settlement Class Members shall be, and hereby are, dismissed and released pursuant to the Settlement Agreement.

14. Nothing in this Order, or the Judgment entered simultaneously herewith, shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement Agreement or this Judgment.

15. Without affecting the finality of this Order, or Judgment entered simultaneously herewith, this Court retains jurisdiction for the purpose of enforcement of the Settlement.

16. A separate order regarding Class Counsel's motion for a Fee Award and Costs and Class Representative's motion for a Service Award Payment shall be entered. Such orders shall in no way affect or delay the finality of this Order or Judgment nor shall affect or delay the Effective Date of the Settlement.

17. Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Settlement

Agreement or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Order, or the Judgment entered simultaneously herewith; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18. There is no just reason for delay of entry of this Order, or the Judgment entered simultaneously herewith. Accordingly, the Court will enter a final judgment simultaneously with this Order.

This 14th day of April 2025.

/s/ Loretta C. Biggs
Senior United States District Judge

6
Case 1:24-cv-00186-LCB-JEP   Document 36   Filed 04/14/25   Page 6 of 6

Agreement or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Order, or the Judgment entered simultaneously herewith; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18. There is no just reason for delay of entry of this Order, or the Judgment entered simultaneously herewith. Accordingly, the Court will enter a final judgment simultaneously with this Order.

This 14th day of April 2025.

/s/ Loretta C. Biggs
Senior United States District Judge